ALBERT DAY *v.* SAMUEL A. DARNELL AND OTHERS.

**Partnership—Silent Partner—Liability for Debts of Firm.**
    A silent partner is liable for the debts contracted by the firm
although his name is not known in connection with the transactions
and contracts made in furtherance of the business.

APPEAL FROM FLEMING CIRCUIT COURT.

November 12, 1872.

OPINION BY JUDGE PRYOR:

The pleadings in this case on the part of the appellant, who was
plaintiff in the court below, are framed with a view of recovering
against Gillis as a fraudulent vendee of appellant's property, or by
reason of the former's liability as his agent and bailee. Whilst these
inconsistent claims asserted by the appellant might not prevent his
recovery as against Gillis, still such a dubious assertion of right
could scarcely prevail in a controversy between the appellant and
Gillis' creditors.

The appellant ought to know whether he sold the goods to Gillis
or placed them in his custody to sell as his agent.

The testimony shows that Gillis, in the year 1869, came to the
town of Flemingsburg from Circilville, Ohio, and leased of one of
the appellees, Franklin, his woolen factory, located in that town.

He leased the property in his own name and engaged in the manu-
facture of woolen goods, and also in the sale of goods and merchan-
dise. He selected and appointed his agents in several counties to aid
in this undertaking, all in his own name, and with no evidences con-
nected with the man, or his establishment, indicating that any other
person owned or had an interest in the business in which he was en-
gaged.

He seems to have been a stranger in the place at the time he made
the contract with Franklin. He incurred many liabilities to the bank
and citizens of the town, created, as the proof indiactes, for the pur-
pose of prosecuting the business in which he was engaged, and no
one had any reason to question his ownership of the property until
his failure and the institution of the present suit in equity by the ap-
pellant against him and his creditors. That the appellant furnished

him goods and money to enable him to engage in business, the testimony clearly shows. Whether the goods were furnished him as agent or were in fact sold to Gillis by Day is a question difficult to answer. The appellant seems not to know himself and gives no such explanation by the proof as to enable this court to determine the relation they sustain to each other. With a proper state of pleading applied to the fact we could not hesitate in this controversy between him and the creditors of Gillis to adjudge that the appellant was a silent partner in the undertaking. The proof ,however, conduces more strongly to show that Gillis purchased the goods of the appellant. It is hardly to be presumed that the appellant would intrust the appelle, whom he alleges and proves was insolvent, with the power to engage in the running of this woolen factory. The sale of the cloth connected with a general agency over several counties, and also the purchase and sale of other description of goods, as a mere agent, and with no instruction whatever upon his authority to act as such, and not even a notice to the community where the business house was located, that he, the appellant, was the owner of the property. He must have sold goods to Gillis, as there is no evidence by parol or in writing that any other character of contract was made between them. Assuming, however, the position taken by the appellant in his petition, that Gillis was his mere agent, what right has he, after permitting the business of this factory to be conducted in the name of Gillis, and creating liabilities to those who in good faith believed him to be the owner of the property, to claim an equity, either equal or superior to the equities of Gillis creditors? Gillis was attempting to borrow money if the banks to enable him to prosecute his business; he appealed to the banks and also to the appellant to furnish him this money. He did obtain money from the bank at Flemingsburg and now appellant insists that this alleged agency gives him a superior equity to the proceeds of the sale of Gillis' goods. If Gillis acted as the agent, upon what principle is it that Day himself is not liable for the rent of Franklin's factory as well as the obther debt? The only escape from responsibility would be that Gillis was not appellant's agent and had no authority to contract these debts. The court acted properly in adjudging in favor of Darnall and Franklin and dismissing the petition as to the remaining appellees.

First: Because the appellant permitted Gillis to use the factory in his own name, thereby inducing the appellee to give him credit.

Second: Conceding that Gillis was appellant's agent, the debts, or most of them, were created in the prosecution of the business and for the purpose of the enterprise, and Day himself was liable.

Third: Although the proof may show that Gillis was the vendee of Day, still, if Day assumes that he was his agent and so alleges, he must be held to his pleading.

The denial of the allegations of the amended petition by Franklin and Darnell is deemed sufficient; in fact, this amendment seems to have been drawn more for the purpose of confusing the rights of parties interested in the controversy, than as a fair presentation of appellant's equity if he even had any.

The only trouble in the case arises in regard to the claims of the bank. The bank was made a defendant to the amended petition, but prior to the filing of this amendment had instituted suits on their claims in the Mason and Montgomery circuit courts and obtained attachments that were levied on some wood, etc., the property of Gillis and this property sold.

The appellant, by his petition filed in these suits, was made a defendant and this petition in which he alleges that he was the owner of the property, taken as his answer in each one of those cases.

The burden of proof in each of these suits was on him to show that the property belonged to him. A change of venue was granted in each of these cases to the Fleming Circuit Court, on the written statement of the appellant of the pendency of the present equity suit in that court. The cases were remanded to Fleming, but were never consolidated so far as this record shows. They were, however, tried together, and treated as consolidated actions. No process on the amended petition seems to have been served on the bank.

It is true that a summons is returned executed on one Stockwell, but whether he was an officer of the bank, or in any way connected with it does not appear, and even if it did, the burden of proof being on the appellant in the two suits instituted by the bank prior to the filing of the amended petition, the appellant must manifest his right to the property regardless of any other pleading, and it was doubtless so considered by counsel in the court below.

2

The view taken of the pleading by counsel for the appellee is not stated in this court. As no appearance has been made by brief or otherwise for the appellees.

There was no final judgment against Carpenter and the appeal as to him is dismissed.

The judgment as to the other appellees is affirmed.

*W. H. Cord, for appellants.*

*Andrews, for appellees.*

*Cole, for appellee Carpenter.*